Zimmerman, J.
 

 The decision in this case rests essentially upon the interpretation to be given Section 1465-61, General Code, as in force at the time Andrew J. Flynn was killed and now in force. The pertinent part of this section reads as follows:
 

 “The terms ‘employee’, ‘workman’ and ‘operative’ as used in this act, shall be construed to mean:
 

 “1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of
 
 *223
 
 cities and villages, under any appointment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein. Provided that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen’s or firemen’s pension funds which are now or hereafter may be established and maintained by municipal authority under existing laws, unless the amount of the pension funds provided by municipal taxation and paid to such police or firemen shall be less than they would have received had the municipality no such pension funds provided by law; in whicii event such police and firemen shall be entitled to receive the regular state compensation provided for police and firemen in municipalities where no policemen’s or firemen’s pension funds have been created under the law; less, however, the sum or sums received by the said policemen or firemen from said pension funds provided by municipal taxation, and the sum or sums so paid to said policemen or firemen from said pension funds shall be certified to the Industrial Commission of Ohio by the treasurer or other officer controlling such pension funds.”
 

 If appears from the agreed statement of facts that the city of Toledo maintains a firemen’s pension fund created by ordinance under authorization of Section 4600
 
 et seq.,
 
 General Code, supported through municipal taxation, and that such fund was in existence and was being administered by a board of trustees when Captain Flynn died.
 

 The argument is advanced with much earnestness by counsel for the Industrial Commission that Captain Flynn was “eligible” to participate in the firemen’s pension fund of Toledo, and that he was not an “employee” within the meaning and intent of Section 1465-61; that in order to qualify him as an employee
 
 *224
 
 entitled to any payment from the State Insurance Fund, it must first be shown that he received a less amount from the firemen’s pension fund than from the State Insurance Fund, and since he died almost instantly from his injuries it could never be determined whether he would have received more or less under the pension fund than under the Workmen’s Compensation Act; that Captain Flynn having received nothing from the pension fund and nothing from the State Insurance Fund, it is obvious that he did not receive less from the pension fund than he received from the State Insurance Fund and hence was not an employee within the statute. In addition, it is urged that no provision is made for the dependents of a killed fireman under the Workmen’s Compensation Act.
 

 On the other hand, counsel for Mrs. Flynn are insistent that Captain Flynn was an employee as defined in Section 1465-61. They maintain that all regular members of lawfully constituted city fire departments under any appointment or contract of hire are employees under this section of the statute, entitled to full participation in the State Insurance Fund, until it is shown they come within the exceptions; that under the wording of Section 1465-61, the proper and logical test to be applied in determining Captain Flynn’s status is the rights of injured firemen in-,Toledo as a class in relation to the pension fund; that Toledo is not a city where injured firemen are usually eligible to participate in such fund, because only in rare cases of permanent disability from further service as firemen do the rules and regulations of the pension fund allow participation therein; that injured firemen in Toledo as a class receive much less from the pension fund than called for under the standards of the Workmen’s Compensation Act, since no temporary or partial disability or medical expenses are provided for in the pension rules; that since Captain Flynn was an employee within Section 1465-61, his
 
 *225
 
 widow and minor children are dependents of an employee within the contemplation and scope of Section 1465-68, General Code, and are entitled to payment from the State Insurance Fund.
 

 The important question is, then, was Captain Flynn an employee within Section 1465-61, General Code, at the time of his death?
 

 Under this section all regular members of lawfully constituted city fire departments under any appointment or contract of hire are designated as employees entitled to full participation in the State Insurance Fund, upon injury, unless they are removed from such classification by the further provisions of the section relating to their eligibility to participate in a pension fund, and their-actual participation therein.
 

 Under the rules and regulations governing the distribution of the firemen’s pension fund in the city of Toledo, the right of a fireman to share in such fund in any amount is dependent upon his being examined by the surgeon of the department of public safety and found to be “physically or mentally permanently disabled, so as to render necessary his retirement from all service in said fire division”. A part of another section of these rules and regulations provides that “In case of the permanent total disability of any member of the fire division, resulting from the injury received in the actual performance of the duties of his position as such member, which bars him from taking up any other permanent occupation, he shall receive monthly, out of the pension fund, the highest award possible under these rules and regulations * *
 

 The proposition must be conceded that
 
 injured
 
 firemen in the city of Toledo, as a class, do not participate in the pension fund. Before participation is permitted at all, the particular fireman must be “permanently disabled, so as to render necessary his retirement from all service in said fire division”. Injuries of such severity are of comparatively rare occurrence. A fire
 
 *226
 
 man in Toledo might sustain serious burns or broken bones which would make him incapable of doing any kind of work for a long period of time, and yet if he were not permanently disabled in such degree as to cause his retirement from the Toledo fire department he could not draw one penny from the pension fund.
 

 Much depends upon the meaning to be accorded the word “eligible” as used in Section 1465-61. If we say that injured firemen in the city of Toledo are eligible to participate in the firemen’s pension fund of that city because under certain extraordinary conditions they may receive an allowance therefrom, the argument of counsel for the Industrial Commission that Captain Flynn was not an employee under Section 1465-61 should be followed. However, if we give the word a broader and more comprehensive meaning in harmony with the intent and spirit of the Workmen’s Compensation Act, the right of injured firemen as a class actually to participate in a pension fund should be made the test of their eligibility to do so. It is the clear purpose of Section 1465-61 in its present form dating from July, 1931, to provide for injured firemen out of the State Insurance Fund to the extent they are not provided for out of any pension fund. So, under this section, if an injured fireman is paid less from a pension fund than he would get as an injured employee receiving compensation wholly from the State Insurance Fund, the difference is paid him from the State Insurance Fund.
 

 We are constrained to accept the contention of counsel for defendant in error that injured firemen in the city of Toledo, as a class, are not eligible to participate in the pension fund established and maintained by the city of Toledo, under the existing rules and regulations governing the distribution of such fund, and that they come generally within the classification of employees contemplated by Section 1465-61, entitled to payment from the State Insurance Fund.
 

 
 *227
 
 In other words, the rights of injured firemen generally to share in a pension fund, and not the right of a particular injured fireman to do so, should constitute the test in determining their status.
 

 The conclusion follows that Captain Flynn as a regular member of the fire department of the city of Toledo met the qualifications of an employee within Section 1465-61.
 

 Section 1465-68, General Code, reads in part as follows:
 

 “Every employe mentioned in Section 1465-61, who is injured, and the
 
 dependents of such as are killed in the course of employment,
 
 *. * * shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury or death as is provided in the case of other injured or killed employes * * V’ (Italics ours.)
 

 In conformity with our holding that Captain Flynn was an employee under Section 1465-61 at the time of his violent death, his dependents are entitled to compensation from the State Insurance Fund in accordance with the plain and unqualified language of Section 1465-68, General Code.
 

 The defendant in error should prevail in this action, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias and Day, JJ., concur.
 

 Williams, J., not participating.