Weygandt, C. J.
As a preliminary matter it should be noted that, although Wilson is not a party respondent to this action, he, too, has filed a demurrer to the petition. The relator has filed a motion to strike this demurrer from the files. The motion is granted for the reason that under the provisions of Section 12292, General Code, relating to mandamus actions, an answer or a demurrer may be filed by a defendant.
The demurrer of the respondent Industrial Commission raises the sole question whether under the provisions of Sections 1465-61 and 1465-80, General Code, a retired city policeman may obtain double benefits in the form of payments from a statutory city pension fund and also an award by the Industrial Commission of Ohio where the pension is larger than the award.
Section 1465-61, General Code, has been amended several times and now reads in part as follows:
“The term ‘employee,’ ‘workman’ and ‘operative* as used in this act shall be construed to mean:
“1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, and executive officers of boards of education, under any appointment or contract of hire, express or implied, oral or written, except any elected official of the state, or of any county, city, township, or incorporated village, or members of boards of education. Provided that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen’s or firemen’s pension funds which are now or hereafter may be established and maintained by municipal authority under existing laws, unless the amount of the pension funds provided by municipal taxation *242 and paid to such police or firemen shall be less than they would have received had the municipality no such pension funds provided by law; in which event such police and firemen shall be entitled to receive the regular state compensation provided for police and firemen in municipalities where no policemen’s or firemen’s pension funds have been created under the law; less, however, the sum or sums received by the said policemen or firemen from said pension funds provided by municipal taxation, and the sum or sums so paid to said policemen or firemen from said pension funds shall be certified to the Industrial Commission of Ohio by the treasurer or other officer controlling such pension funds.” (Italics supplied.)
This controversy centers about the language “pension funds provided by municipal taxation. ”
The relator contends that under the present provisions of this statute a former city policeman or fireman receiving a pension is entitled to receive no state compensation if the amount of his pension exceeds the amount of compensation he would otherwise receive, and that if the amount of his pension is less than the amount of such compensation, he is entitled to receive compensation but the amount of his pension must be deducted therefrom. In other words, he is assured of receiving an amount equal to but not greater than a compensation award unless his pension is in excess thereof.
The respondents insist that such former city policeman or fireman may receive both a pension and full award of state compensation. In this instance the amount of the pension is $155 per month and the award is $30 per week.
The respondents contend that the pertinent provisions of Section 1465-61, General Code, were repealed by implication when the General Assembly subsequently enacted Section 4628, General Code, relating *243 to pensions. However, a study of this and cognate sections discloses no such legislative intent, and, of course, it is an elementary principle of law that repeals by implication are not favored. This newer statute does not relate to state compensation as does Section 1465-61. As stated by Judge Zimmerman in the opinion in the case of Industrial Commission v. Flynn, 129 Ohio St., 220, 194 N. E., 420, “It is the clear purpose of Section 1465-61 in its present form dating from July, 1931, to provide for injured firemen out of the State Insurance Fund to the extent they are not provided for out of any pension fund. So, under this section, if an injured fireman is paid less from a pension fund than he would get as an injured employee receiving compensation wholly from the State Insurance Fund, the difference is paid him from the State Insurance Fund.” Furthermore, the relator insists that heretofore the respondents themselves have adhered to this view and have refused to pay a compensation award to a claimant receiving a pension in excess thereof. If it is felt that the statute should be amended, this manifestly is a task for the General Assembly.
A more difficult question is whether the term ‘ ‘ pension funds provided by municipal taxation” comprehends the entire pension irrespective of the fact that, as here, the fund is produced in part from various sources such as contributions from the members of the police force. The relator city answers this in the affirmative and insists that considerable accounting difficulty would be involved if the pension fund were separated into its component parts. However, this court is of the view that, as the statute is now worded, only that part of a pension actually provided by municipal taxation may be deducted from the amount of state compensation otherwise awardable to the claimant. This interpretation apparently causes no accounting difficulty under the *244 admitted allegations in the relator’s petition in the instant case, inasmuch as the amount of the pension ($155 per month, as certified to the respondents) is substantially greater than the amount of the compensation award ($30 per week for 62% weeks) and only a fractional part of his pension has been contributed by the claimant who, according to the petition, contributed nothing to the fund for the first -14 years, two per cent of his salary for the next eight years, and four per cent for the last two and one half years of his employment by the city. For his pension he will continue to receive the sum of $155 per month — 62% per cent of his salary at the time of his retirement — for life. Since the pension provided by taxation is larger than the award, the claimant is not entitled to receive any of the award. If the award were the larger, that part of the pension consisting of tax funds should be deducted from the award. Under the present circumstances the relative amounts of contributions and tax funds constituting the pension are immaterial.
The allegations of the relator’s petition are sufficient to constitute a cause of action, and the respondents ’ demurrer must be overruled. The relator city is entitled to a writ of mandamus requiring the respondents to vacate their order of March 31, 1952, awarding the claimant, Albert C. Wilson, compensation in addition to the larger amount of the pension he is receiving from the relator.

Writ allowed.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.