COLUMBIA CASUALTY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 21—February 15, 1949.*

*L. A. Tarrell* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   The claimant in this case was a fireman employed by the town of Lake, and was accidentally injured under circumstances which entitled him to the benefits of the Workmen's Compensation Act.   The Columbia Casualty Company made payment to the injured claimant in compliance with the provisions of that act.   The order of the examiner, which was affirmed by the Industrial Commission, provided:

"That within ten days from the date hereof the respondent and insurance carrier shall pay to the applicant the sum of eight and six one-hundredths dollars ($8.06), and beginning February 25, 1947, and monthly thereafter shall pay to the applicant the sum of ninety-one dollars ($91) until the further sum of six hundred ninety-three dollars ($693) shall have been paid.   Upon compliance with this order the respondent and insurance carrier is relieved of further liability."

Sec. 102.07 (2), Stats., provides:

"Any policeman or fireman claiming compensation shall have deducted from such compensation any sum which such policeman or fireman may receive from any pension or other benefit fund to which the municipality may contribute; . . ."

It is undisputed that since October 8, 1945, the claimant has received a pension of $126.50 per month.   It is the contention of the employer and its insurance carrier that the commission should have deducted from the amount due as compensation the amount received by the injured employee from the pension fund.   It is the contention of the Industrial Commission that under the language of sec. 102.07 (2), Stats., there is no requirement that the Industrial Commission do anything in regard to making the deduction, that the statute merely requires that the policeman or fireman shall have the

amount received from the pension fund deducted from compensation.

Sec. 102.16 (1), Stats., provides:

"Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter."

In a letter found in the record, dated March 4, 1947, written by the Industrial Commission to attorneys for the employer and its insurance carrier, the commission said:

"As the commission views the case there is liability on the part of the insurance carrier only for such payments as may currently become due after deduction of pension, provided, of course, pension is paid. The insurance carrier stands in the shoes of the employer and, therefore, would not have to pay compensation benefits unless such benefits should exceed the amount of pension."

In its decision of May 7, 1947, the commission stated:

". . . the rights of the parties are amply protected by the employer's following the provisions of sec. 102.07 (2) and deducting from compensation any sum which the applicant may have received from the pension fund to which the municipality has contributed, and that in event of dispute the matter is one for the courts rather than for the commission."

In so holding it is considered that the commission was in error.

Sec. 102.18 (1), Stats., provides:

"After final hearing the commission shall make and file its findings upon all the facts involved in the controversy, and its order, which shall state its determination as to the rights of the parties. . . ."

The provisions of sec. 102.07 (2), Stats. 1945, already set out, make it clear that the amount of the compensation

award actually to be paid to the claimant is within the jurisdiction of the commission and should be determined by it, and is not to be postponed to some subsequent proceeding in the courts.

How can it be said that the right of the employer is amply protected by referring the actual amount to be paid for determination to the courts or subject to negotiations between the parties? The provision for deduction of benefits is certainly a part of the workmen's compensation chapter which is committed to the exclusive jurisdiction of the commission. (Sec. 102.14, Stats.)

As already stated, sec. 102.18 (1), Stats., provides that the commission shall state its determination as to the rights of the parties.

Sec. 102.23 (1), Stats., in relation to the right of review, provides:

". . . Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon. . . ."

The record in this case does not disclose whether the claimant has entered judgment on the award. Apparently under the provisions of sec. 102.23 (1), Stats., the power to set aside a judgment rendered upon an award is vested in the court in a proceeding to review the award. How is a court in such a proceeding, where the commission has failed or refused to determine the rights of the parties as required by sec. 102.18 (1), to review a finding which should have been made but which was not made? We need not resolve this question in this case because, as already stated, it does not appear that judgment has been entered, but it does indicate very strongly that the findings and order should completely dispose of the controversy. The court cannot, under the statute, amend the findings or order or substitute its judgment for that of the commission, because its power is limited to confirming or setting aside the order and award, and judgment, if any.

If an employer is compelled to pay an award to satisfy an execution, how is he to deduct the amount of the benefit received by the claimant? If a deduction is to be made it must be made before payment. It seems clear that if an employer against whom an award has been made must resort to court proceedings of some kind to establish his rights in order to protect himself against a judgment he is not "amply" protected. That he must first pay and then recover the amount of the benefit does not seem to be a sensible procedure.

It was within the power of the commission, and in a case like this it is considered that it is its duty, to include in the award a statement of the amount to be deducted, and in cases where that cannot be done a statement to the effect that the employer and insurance carrier shall pay to the applicant the sum found in the manner prescribed, less any sum which the claimant may receive from pension or other benefit fund. When the award is so conditioned and a certified copy of it is filed in the circuit court the employer will be amply protected.

*By the Court.*—The judgment appealed from is reversed and the cause remanded to the trial court with directions to remand the record to the Industrial Commission for further proceedings.