Kleiner, Appellant, vs. City of Milwaukee, Respondent.

*May 2—June 1, 1955.*

For the appellant there was a brief and oral argument by *Clyde M. Paust* of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *George A. Bowman, Jr.,* and *Cornelius J. Merten,* assistant city attorneys, and oral argument by *Mr. Bowman* and *Mr. Merten.*

A brief was filed by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb, W. J. Roper,* and *Robert F. Boden* of counsel, all of Milwaukee, as *amici curiae.*

BROADFOOT, J.  The plaintiff contends that retroactive legislation of a remedial nature is not repugnant to the constitution. She claims further that the purpose of the legislation was remedial or procedural. On the other hand, it is contended that a retroactive law which impairs the obligation of a contract or which interferes with vested rights is unconstitutional as a taking of property without due process of law.

The issue to be resolved is whether ch. 397 is remedial or procedural legislation, or whether it is a retroactive law that impairs the obligation of a contract or interferes with vested rights. Reference will be made herein to the following constitutional and statutory provisions:

Sec. 12, art. I, Const.: "No bill of attainder, *ex post facto* law, nor any law impairing the obligation of contracts, shall ever be passed, and no conviction shall work corruption of blood or forfeiture of estate."

Sec. 26, art. IV, Const.: "The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered or the contract entered into; nor shall the compensation of any public officer be increased or diminished during his term of office."

Sec. 102.03 (4), Stats.: "The right to compensation and the amount thereof shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury."

Sec. 102.07 (2), Stats.: "Any policeman or fireman claiming compensation shall have deducted from such compensation any sum which such policeman or fireman may receive from any pension or other benefit fund to which the municipality may contribute; provided further that any other peace officer shall be considered an employee while engaged in the enforcement of peace or in the pursuit and capture of those charged with crime."

The latter section of the statute has been upheld by this court in two cases: *Lenfesty v. Eau Claire,* 245 Wis. 220, 13 N. W. (2d) 903; *Columbia Casualty Co. v. Industrial Comm.* 254 Wis. 310, 35 N. W. (2d) 904. Sec. 102.03 (4), Stats., although a fairly recent enactment, is merely a restatement of the law as declared by this court in *Tiffany v. Industrial Comm.* 225 Wis. 187, 273 N. W. 519.

In *State ex rel. Smith v. Annuity & Pension Board,* 241 Wis. 625, 6 N. W. (2d) 676, it was held by this court that the rights of a retiring employee beneficiary, compulsorily retired on account of age, were contractual and his status and rights as a beneficiary were to be determined under the provisions of the system as it existed at the time of his retirement, and legislation was declared invalid that attempted to require the payment of an increased retirement allowance to persons who were formerly active members of the retirement system on the ground that it required the city of Milwaukee to appropriate public funds for a private purpose when applied to an employee who was retired prior to the enactment thereof and who did not, after retirement, again become an employee of the city.

In the case of *State ex rel. Thomson v. Giessel,* 262 Wis. 51, 53 N. W. (2d) 726, legislation was declared invalid that attempted to provide additional payments to retired teachers in consideration of a payment by the teachers of the sum of $100 as a violation of sec. 26, art. IV of the Wisconsin constitution.

The city contends that these cases are controlling. If ch. 397 had attempted to change the payments under the firemen's annuity and pension fund of the city of Milwaukee it would be clearly invalid. However, it is suggested that ch. 397 makes no attempt to change the amount of benefits under the annuity and pension fund but merely affects the provisions of the Workmen's Compensation Law. If rights under the provisions of ch. 102, Stats., are based on contract, the same rules would apply. We do not, however, pass upon that issue as it is not necessary for the determination of this case.

The courts of some states have had to pass upon vested rights under workmen's compensation laws. The rule they applied is cited in 16 C. J. S., Constitutional Law, p. 650, sec. 225, as follows:

"When an industrial accident occurs to an employee, the rights and obligations of the parties become vested and fixed under the Workmen's Compensation Law and such rights and obligations cannot be either destroyed or enlarged by subsequent legislation."

We do not have to go that far in the determination of the present case. Here the rights of the plaintiff to compensation and the obligations of the city were determined by the award dated April 23, 1953. So far as the record shows there was no attempt by either party to have a review thereof. A party's rights in a judgment, as a general rule, may not be affected by legislative acts passed or which become effective after the entry of judgment. 11 Am. Jur., Constitutional Law, p. 1203, sec. 374. An award of compensation is akin to a judgment, and the same reasoning applies. The plaintiff is not entitled to have her rights to compensation enlarged after the same were fixed by the award, at the expense of the city, and ch. 397 is held to be invalid so far as it interferes with the vested rights of the parties.

*By the Court.*—Order affirmed.