**CITY OF DUNCAN and State Insurance Fund, Petitioners,**

v.

**Warren E. BINGHAM and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40736.**

Supreme Court of Oklahoma.

July 14, 1964.

Mont R. Powell, Guy A. Secor, Oklahoma City, for petitioners.

Jay D. Jones, Duncan, Paul Pugh, Oklahoma City, for respondents.

BERRY, Justice.

This original proceeding is brought by the employer and insurance carrier, hereinafter called respondents, to review an order entered by the trial judge and affirmed by the Industrial Court en banc, awarding petitioner compensation for temporary total and permanent partial disability, together with reasonable and necessary medical expenses.

Petitioner, a full-time fireman in respondent city's employ, was first injured during a fire May 29, 1961, and again during a second fire on February 26, 1962. Both injuries arose out of and during the course of employment and required hospitalization and treatment by a local physician. During the periods of temporary total disability respondent continued to pay petitioner's regular wages, except for temporary total compensation paid by the insurance carrier from March 1 to March 16, 1962. During the period of disability petitioner was referred to a specialist (Dr. Greer) for examination, and by him was referred to Dr. Ellis at the Oklahoma Allergy Clinic in Oklahoma City. There is no issue relative to the nature and extent of petitioner's disability and all the medical evidence agreed that petitioner was disabled from engaging in fire-fighting activities.

Respondent city participated in and administered a Firemen's Relief & Pension Fund as authorized by statute. See 11 O.S. 1961 §§ 361–386, inc. On February 1, 1963, respondent retired the petitioner from the fire department under disability retirement, and following that date petitioner received $144.50 monthly as retirement pension.

Pursuant to claims filed by petitioner, based upon the above mentioned injuries, the matter was heard May 20, 1963, upon petitioner's claims for temporary total and permanent partial disability. By stipulation at the hearing, the only issues considered

involved petitioner's right to further temporary benefits and permanent partial disability compensation. At this hearing respondents presented the issue that by reason of the provisions of 85 O.S.1961 § 3(3) petitioner was barred from receiving compensation in view of retirement benefits received under the Firemen's Relief & Pension Fund, hereafter referred to as the "pension fund" or the "fund".

Thereafter the trial judge made an order finding petitioner temporarily totally disabled from February 1, 1963 to May 15, 1963, and entitled to compensation at $35.00 per week; that petitioner had sustained 30% permanent partial disability to the body as a whole and was entitled to an award of 150 weeks at $30.00 per week therefor. This order was affirmed upon appeal to the Court en banc, although two judges dissented to allowance of temporary total compensation following petitioner's retirement.

The only issue urged by the review proceeding presents the question whether petitioner was entitled to an award of compensation while a recipient of benefits from the pension fund. In asking that the order awarding compensation be vacated and set aside, respondents argue the following proposition:

"The Industrial Court's orders awarding claimant temporary total compensation and permanent partial disability compensation were contrary to law inasmuch as claimant was receiving benefits from the Firemen's Relief & Pension Fund."

Respondents' position is that the question is determinable under the language of 85 O.S.1961 § 3, defining hazardous occupations, wherein subdivision 3 provides:

" 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment, and shall include the State, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages; *provided, however, that so long as by State law, city charter or municipal ordinances, provisions equal to or better than that given under the terms of this Act, made for such employees injured in the course of employment, such employees shall not be entitled to the benefits of this Act."* (emphasis supplied)

It is observed that the proviso contained in the italicized portion of the quoted statute provides the basis upon which this proceeding is predicated.

Respondents recognize that such question has not been presented heretofore. However, they contend the language of the proviso is clear and unambiguous and should be considered in the light of the construction placed upon statutes of similar import by other courts. Respondents assert the only meaning which can be accorded the provision is that an injured employee who is receiving any payment under a municipal plan *which is equal to or better than benefits under the Compensation Act,* should not be entitled to a compensation award. But, respondents' argument is qualified by the assertion that such construction should apply "at least as to the amount contributed to the pension plan by municipal taxation."

As supporting authority for their position respondents cite Board of Com'rs of Pawnee County v. Whitlow et al., 88 Okl. 72, 211 P. 1021, and cases from five states which are discussed hereafter. The Whitlow case, supra, referred to the quoted proviso but judicial construction thereof was neither required nor attempted in disposition of the appeal. Hence that holding is of no benefit herein.

Respondents rely upon the following decisions of the Michigan Court: Ford v. Kuehne, 242 Mich. 428, 219 N.W. 680; Slater v. Grand Rapids, 248 Mich. 480, 227 N.W. 788; MacKay v. City of Port Huron, 288 Mich. 129, 284 N.W. 671. The first two cited cases were brought under a special

statute providing that in cities having charter provisions permitting payment of benefits, the employee could waive the provisions of the Compensation Act and accept the other benefits. The Michigan code specifically prohibited entitlement to benefits from both funds. The rationale of the rule is that an injured employee who applies for a disability pension provided for under a city charter *has made an election of benefits.* And, respondents' argument and reliance upon these decision overlook the result and reasoning evidenced by that Court's decision in Henry v. Ford Motor Co., 291 Mich. 535, 289 N.W. 244. Therein the Court specifically held an injured employee drawing unemployment compensation benefits was not precluded from receiving an award of workmen's compensation benefits based upon total disability. The basis of such holding was that the funds available for unemployment benefits were derived from money paid by the employer. And, the Unemployment Compensation Act did not purport to make any disqualification from one suffering permanent partial or total disability.

· Also cited by respondents are Columbia Cas. Co. v. Ind. Comm., 254 Wis. 310, 35 N.W.2d 904, and Lenfesty v. City of Eau Claire, 245 Wis. 220, 13 N.W.2d 903. Both cases involved injured firemen entitled to benefits under a pension fund, as in the present case, but there the similarity ends. Both cases were decided under a special statute which established a pension fund and which provided that any fireman claiming compensation should have *deducted from the compensation award any amount received from any pension or benefit fund to which the municipality contributed.* The Court's reasoning was declared in Syllabus 7 of the Lenfesty case, supra, as follows:

"The purpose of provision of Workmen's Compensation Act permitting deduction from compensation paid to fireman of any sum which he receives from any pension fund to which municipality may contribute is to prevent payment by city of both compensation

and pension benefits, where both were derived from municipal funds."

Also cited as authority for respondents' argument are State ex rel. City of Columbus v. Ind. Comm., 158 Ohio St. 240, 108 N. E.2d 317, and Industrial Commission of Ohio v. Flynn, 129 Ohio St. 220, 194 N.E. 420; Ogilvie et al. v. City of Des Moines, 212 Iowa 117, 233 N.W. 526, and City of Miami v. Graham, Fla., 138 So.2d 751. None of the cited cases support respondents' argument or are of aid in determination of the question herein presented. The Ohio cases, supra, were decided under a specific provision of the Compensation Act, prohibiting application of the Act to policemen and firemen in cities where pension funds were provided by municipal taxation. However, the Act has been construed to permit award of compensation if larger than the pension, in which event the pension produced by taxation must be deducted from the amount of the award. The Ogilvie case, supra, was decided in 1930, under a statute which excluded one receiving benefits from a police or firemen's pension fund from taking benefits under the Compensation Act. The Graham case, supra, was also decided under a special statute and the Florida Court stated that the legislative intent was that no employee should receive both compensation and pension benefits where the employer was the state or a political subdivision. Review of decisions from other courts cited by respondents as persuasive authority for their argument reflects that in every instance the conclusion reached involved the application of a special statute.

Such is not the case in the present appeal. There is no showing of the municipality's appropriation to defray costs of pension or that any amount was contributed. One factor to be considered is that our Compensation Act was enacted in 1915, subsequent to legislative authorization for establishment of pension funds for benefit of firemen which had been extended to cities in 1913. Where statutes are in conflict, the one last enacted in point of time ordinarily

prevails. Ramsey v. Leeper, et al., 168 Okl. 43, 31 P.2d 852. However, legislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent. The fact the Legislature has not seen fit to express disapproval of a contemporaneous statute also may be considered. 50 Am.Jur., Statutes, Sec. 326 et seq.

The situation herein presented is the outgrowth of responsibilities and liabilities created under contemporaneous provisions of our code, both of which have been in force and effect for many years. Both the compensation law and the statutes relating to the pension fund have been amended at various times. The Compensation Act has been broadened to extend benefits to additional categories of employment. The amount of compensation to be awarded for compensable injury has been increased several times, although sixty-six and two-thirds of the employee's average weekly wage as the basis of the calculation of benefits has remained the same. Our statute, 85 O.S. 1961 § 3(6) defines "compensation" as the allowance in money which is payable to an employee within the provisions of the Act.

■ A "pension", such as called for under provisions of the Relief Act, is defined as a stated allowance paid out of the public treasury to an individual or his representatives for valuable service to his country, or for loss or damage sustained by such individual in public service. 70 C.J.S. Pensions § 1. A pension is a gratuity granted by statute, subject to such limitations as may be imposed with respect thereto. When granted by an administrative agency, i. e. pension board, the State is not required even to provide for judicial review and administrative decision relative thereto is final. See State, etc. v. Oklahoma Public Welfare Commission et al., 196 Okl. 586, 167 P.2d 71. A pension can be granted or withheld by the administrative body and can be reduced upon review (Sec. 380) or declared forfeited under certain conditions (Sec. 370).

■ The reasonable import of such provisions is sufficient to establish that the pension which may accrue to a fireman is not to be considered as compensation within the meaning of the money allowance upon which an award of compensation must be based. Further, Sec. 45 of the Compensation Act provides that no benefits, savings or insurance acquired by an injured employee, independent of the Act, may be considered in determining the benefits which may be paid under the Act. In view of the accepted legal definition and under authority of the mentioned statutory provisions, it is clear there is no relationship between benefits which may be awarded under the Compensation Act and pensions which may be granted to retired or disabled firemen who qualify therefor under the terms of the Firemen's Relief & Pension Fund.

■ Having determined petitioner's pension cannot be considered as "compensation", the final inquiry is whether any language in the Acts involved prohibits a fireman, who is retired under disability provisions, from receiving an award of compensation benefits. This inquiry must be resolved upon the basis of all the applicable statutes. As noted, 85 O.S.1961 §.45 prohibits consideration of the nature and amount of the injured employee's savings, insurance or "benefits" in determining the amount of compensation to be awarded for injury. And, those statutes which provide the basis for calculating the amount payable to the employee being retired and which provide for termination of disability payments also must be considered. 11 O.S. 1961 §§ 365, 367 and 370.

We are unable to ascribe to the language of the proviso in 85 O.S.1961 § 3(3) the meaning which respondents attribute thereto. Their interpretation of the meaning and legislative intent to be derived therefrom cannot be supported by reason. Their construction is predicated upon the premise that each Act involved was adopted in contemplation of the other and, because both are classified as social legislation, were

adopted for the sole purpose of protecting injured employees. Examination of the Acts establishes such is not the case.

The nature and declared purposes of the two Acts belie such claims of consistency and compatibility or that they complement one another. The Pension Act was intended to pension off any employee with the requisite years of service and likewise extended some benefits to an employee disabled in the line of duty. But, a pension granted for either reason is subject to being withdrawn or terminated. The declared purpose of the Compensation Act was to require industry to bear the burden of human wreckage incident to operation by indemnifying the injured workman for loss of earning power and thus to prevent him from becoming a public charge. Sartin v. Moran-Buckner Co. et al., 189 Okl. 178, 114 P.2d 938 and Seismograph Service Corporation et al. v. Mason et al., 193 Okl. 623, 145 P.2d 967.

We consider there are two valid reasons why acceptance of a disability pension from a pension fund should not constitute a bar to an award of compensation benefits. First, to construe the proviso of Sec. 3(3) in the manner urged by respondents requires us to say that by enactment of an ordinance establishing a pension fund all injured or disabled firemen were extended benefits "equal to or better than" that extended under the terms of the Compensation Act. The most cursory comparison of various provisions of the Acts destroys this conclusion. Under Sec. 14 of the Compensation Act the employee must furnish medical, surgical, other attendance and treatment, nurse and hospital services, crutches and necessary apparatus for a period of sixty days after injury, or so long thereafter as the Industrial Court may require. But, under Sec. 367 of the Pension Act, any fireman, under temporary disability sustained in line of duty while confined to the hospital or to his bed, is to be furnished "necessary hospital care and professional nursing expenses" only. And, the above specified payments cannot exceed the amount collected under the Act. This discrepancy between the benefits available under the two Acts is fatal to respondents' contention.

Secondly, to apply the construction of the language of the statute, Sec. 3(3) supra, urged by respondents, would do violence to settled rules of statutory construction and constitutional interpretation. The Workmen's Compensation Act was designed as general legislation for protection of all employees in hazardous occupations. Respondents' strained construction of the Act would preclude general application to firemen resulting in the establishment of discriminatory classes within a classified hazardous employment.

The present appeal provides a concrete example. Petitioner's pension ($144.-50) is said to be "equal to" the benefits which could be awarded him under the Compensation Act, therefore he is not entitled to an award of compensation. However, another fireman who might have been subject to retirement for disability incurred at the fires where petitioner was injured might have been drawing a salary less than petitioner and therefore would be entitled to compensation. Under respondents' interpretation there would be arbitrary classifications established which would be unreasonable and not based upon a distinctive characteristic which would reasonably support such different treatment. Such an artificial situation clearly would be violative of Art. V, Sec. 59, Const.

Respondents' interpretation of the meaning of the statute would result only in creation of two classes of employees within the same category of hazardous employment. One employee would be capable of receiving both pension and compensation benefits, the other would be barred from receiving benefits under the Workmen's Compensation Act. In Independent School Dist. No. JI-69, etc. v. Independent School Dist. No. D-45, etc., Okl., 363 P.2d 835, 838, we said:

"(2) We think the language in the above statutory provision clear, however, if considered to have a doubtful meaning it should be given a construc-

**462**

tion that is reasonable and sensible, bearing in mind the evils intended to be avoided or the remedy intended to be afforded, and the Legislature will be presumed not to have intended an absurd result. City of Tahlequah ex rel. Johnston v. Franklin et al., 201 Okl. 36, 200 P.2d 417, and Brown v. State Election Board, 197 Okl. 169, 170 P.2d 200."

In County Board of Equalization, Pittsburg County, Oklahoma v. Muskogee Industrial Finance Corp., Okl., 357 P.2d 224, Syllabus 1 announced this rule:

"1. In construing statutes the courts should not presume that the legislature has intended to unjustly discriminate between different cases of the same kind, but should adopt that construction which will insure the uniform operation of the statute."

We have omitted consideration or mention of questions which might arise where it appears that the pension fund is supported by annual appropriation included in the municipality's budget. Neither do we consider in the present case the effect of the employee's enforced contribution to the pension fund. Decision upon both questions is reserved until presentation of a proper case.

We are of the opinion, and hold, that payment of a pension to petitioner as authorized by 11 O.S.1961 § 361 et seq., in no way affected petitioner's right to receive payment of an award of compensation for disability resulting from injury arising out of and in the course of his employment. Because the Legislature has not seen fit to speak, we necessarily conclude the Legislature has not intended to limit nor abridge the right of an employee injured in a hazardous occupation to come under the Compensation Act. Had an intent existed to the contrary, such would have been embodied in some of the numerous amendments accomplished by the Legislature since the original enactments.

Until the Legislature speaks, any expression by this Court denying petitioner's right to an award of compensation be-

cause already retired on a fireman's disability pension resulting from injury would amount to judicial legislation, constituting an exercise of legislative functions. This prerogative we do not have. Stemmons, Inc. v. Universal C.I.T. Credit Corp., Okl., 301 P.2d 212; Douglas Aircraft Co. et al. v. Titsworth et al., Okl., 356 P.2d 365; and Stillwater Floral Co. et al. v. Murray et al. Okl., 380 P.2d 694.

Order sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.