**Nathaniel ROSS, Appellee,**

v.

**BOARD OF TRUSTEES OF the OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, Appellant.**

**No. 54183.**

Supreme Court of Oklahoma.

July 21, 1981.

Kerr, Davis, Irvine, Krasnow, Rhodes & Semtner by Roy H. Semtner, Oklahoma City, for appellee.

Walter M. Powell, Municipal Counselor, and Patricia Sellers, Asst. Municipal Counselor, Oklahoma City, for appellant.

HODGES, Justice.

This case involves the construction of the ordinances which regulate the Oklahoma City Employee Retirement System. Nathaniel Ross, appellee, served nine years, four months and twenty-four days as a city employee. He was terminated as City Manager on July 24, 1973. Subsequently, he applied for benefits before the Board of Trustees of the Employee Retirement System [Board]. The Board denied his application. Its decision was appealed to the District Court which held pursuant to Okla. City, Okla.Rev.Ord. Art. V, Ch. 2, § 2.277,[1] Ross should be awarded a pension beginning on his sixtieth birthday.

The City contends that the District Court's decision should be reversed because: 1) it erred as a matter of law in its construction of the retirement ordinances, and 2) it overruled the Board's decision which was not clearly erroneous.

I

The City admits that the provision for retirement at age sixty after five years consecutive service was retained for employees serving prior to March 1, 1967. The thrust of the City's position is that an employee must have served five consecutive years and have attained the age of sixty while still in service of the City, or served at least ten years to become eligible for reduced benefits. The City relies on the termination option of Okla. City, Okla.Rev. Ord. Art. V, Ch. 2, § 2.280,[2] which permits an employee to leave his contributions in the fund and receive benefits after ten years of service; and Okla. City, Okla.Rev.

---

1. It is provided by § 2.277:

"(a) In order for an employee serving prior to the effective date of this Division to be eligible for basic retirement benefits, he must qualify under one of the following sets of conditions:

(1) He must have served with the City for a period of

(A) Twenty (20) years and attained the age of sixty (60) years; or

(B) Thirty (30) years; regardless of age; and

All of this service with the City after the effective date of this Division, including the last five (5) years of service preceding his retirement, must have been consecutive within the meaning of Section 2.295; and

His service with the City must have ceased; or

(2) His service with the City must have ceased; and he must have completed five (5) years under the retirement system with the City during which time he made contributions to the retirement system; and

He must have reached the age of sixty (60) years.

"(b) An employee qualifying under (2) who has served less than twenty (20) years shall receive a fraction of the basic retirement pay he would otherwise be entitled to receive, computed at the rate of one-twentieth ($^{1}/_{20}$th) of the basic retirement pay for each full year he has served. An employee who is discharged and has served twenty (20) years and is otherwise eligible to retire as provided by this Division, except that he has not attained the age of sixty (60) years, shall be eligible for retirement pay as provided herein at the age of sixty (60) years."

2. It is provided by § 2.280:

"When an employee's service terminates after ten (10) years of service within the meaning of Section 2.295, but before his normal or early retirement date, his contributions to the retirement fund shall cease, and within thirty (30) days after termination he may choose to leave with the fund the contributions actually made by him and receive retirement benefits, beginning at his normal or early retirement date, based upon his average final compensation and subject to the limitations of Sections 2.277 or 2.278. Provided, one who elects and subsequently re-enters service shall not qualify to receive retirement benefits under this Section for any subsequent period or periods of employment of more than ten (10) years."

Ord. Art. V, Ch. 2, § 2.301(b),[3] which requires that all contributions be refunded upon leaving the service before the vesting of rights.

The City asserts that there is a conflict between these ordinances and § 2.277 and that the statutory rule of construction promulgated in *Duncan v. Bingham*, 394 P.2d 456 (Okl.1964) requires that where statutes are in conflict, ordinarily the last one enacted prevails.

Ross contends that his retirement benefits are governed by § 2.277 which was adopted by Ordinance No. 11,564 February 22, 1967. This ordinance provides in order for an employee to be eligible for basic retirement benefits: 1) his service with the City must have ceased; 2) he must have completed five years' service under the retirement system; 3) he must have made contributions to the system during his tenure; 4) All the contributions must have been left in the system; and 5) he must have attained the age of sixty years. Ross meets all these requirements.

We are unable to find a conflict between the ordinances. We do find that Ross had vested rights in his retirement benefits. A clear reading reflects that § 2.277 was intended to apply to employees engaged by the City prior to 1967; and that § 2.280 was applicable to those hired after 1967.

AFFIRMED.

All the Justices concur.

---

**3.** Section 2.301(b) provides:

"(b) Right to refund of contributions upon leaving service. If any employee leaves the service of the City for any reason prior to the vesting of his rights as provided in Section 2.280, all contributions made by him, plus interest credited as provided below, shall be refunded to him except the initial Twenty-five ($25.00) Dollars contributed by the employee which shall be deducted as a fee to provide for the administration of the retirement system. Any refund or any determination of benefit payment which shall refer to the total contributions by an employee shall be based on the total contribution less the administration fee."