Dear Senate Riggs,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Are Rural Water, Sewer, Gas, and Solid Waste ManagementDistricts organized and operated pursuant to 82 O.S. 1324.1(1981) et seq., eligible to be included under the coverage ofthe State Risk Management Program authorized by 74 O.S. 85.34(1987)?
¶ 1 In 1984, the Legislature statutorily affirmed the continuing vitality of the doctrine of sovereign immunity in this state by adoption of the Governmental Tort Claims Act, 51 O.S.151 (1987) et seq. Under the terms of that Act, the State, its political subdivisions, and their employees acting in the scope of employment are immune from liability to third persons due to tortious conduct of these public entities and employees, except as specifically waived in the Act, itself. 51 O.S. 152.1
(1987).
¶ 2 In the same session, the Legislature also directed the Central Purchasing Division of the Office of Public Affairs to establish for all "state agencies" a comprehensive professional risk management program. Okla. Sess. Laws 1984, ch. 141, 1. The purposes underlying this statutory mandate are codified now at74 O.S. 85.34 (1987). This program is overseen generally by the Division's Risk Management Administrator, who is also invested with authority to supervise the purchase of property and casualty insurance for all state-owned property and to evaluate the continuing needs of the state for insurance coverage. 74 O.S.85.34(B), 74 O.S. 85.34(C) (1987). The plain language of 74O.S. 85.34 is aimed at providing such services to "state agencies." It is also important to note, in this regard, that the Legislature has created a number of special funds in the State Treasury to pay for these various activities, and to provide a means for the State to pay for claims presented against it that are deemed, by settlement or judicial decree, to be owed to third persons who have been injured by the acts or omissions of its employees and officers. A "Tort Claims Liability Revolving Fund," a "Motor Vehicle Liability Revolving Fund," a "Risk Management Participation Revolving Fund," and a "Quick Settlement Account" have all be created to fund various aspects of the Risk Management Program. 74 O.S. 85.34b, 74 O.S. 85.35, 74 O.S.85.36, 74 O.S. 85.38 (1987).
¶ 3 While the Risk Manager's duties generally are limited to providing risk management assistance to state agencies, he is further statutorily invested with the power to determine eligibility criteria for participation in the State's Risk Management Program for certain entities of public government in the State that are not, for many other purposes, entities of state government. 74 O.S. 85.34A (1987). The language of subsection (B) of 74 O.S. 85.34A recites that these specially designated local districts include Fire Protection Districts, volunteer or full-time fire departments, municipal fire departments, and certain fire protection services.
¶ 4 In 1985, the Attorney General advised that Rural Water, Sewer, Gas, and Solid Waste Management Districts organized and operated under the terms of 82 O.S. 1324.1 (1981) et seq., were entities covered under the penumbra of the Governmental Tort Claims Act, 51 O.S. 151 (1987) et seq. A.G. Opin. No. 85-177. The rationale of that opinion was based upon a determination that the statutes governing those local districts decreed them to be "agencies of the state" for certain purposes, and, therefore, in line with the rule that the Act requires its terms to be liberally construed, the districts were also deemed "instrumentalities" of the state for purposes of the Tort Claims Act's coverage. A point specifically not addressed in Attorney General Opinion No. 85-177 was whether these districts were "agencies of the state" for any other purpose beyond mere coverage under the Act's broad terms, including whether these entities were entitled to coverage under the State's Risk Management Program.
¶ 5 In 1987, the Legislature statutorily mandated coverage of these districts under the Act's terms. Okla. Sess. Laws 1987, ch. 82, 1, p. 327. In so doing, however, the Legislature decreed that these districts, for purposes of coverage under the Act only, were to be deemed "political subdivisions" of the state, rather than being entities of state government. Title 51 O.S. 152
(1987) provides, in this regard:
8. "Political subdivision" means:
 g. for purposes of the Governmental Tort Claims Act only, districts formed pursuant to the Rural Water, Sewer, Gas, and Solid Waste Management Districts Act[.]
¶ 6 This specific reference by the Legislature that for purposes of the Act these districts are to be deemed "political subdivisions" of the State is indicative of legislative intent that they are not contemplated as being eligible for coverage under the Risk Management Program. A full reading of 74 O.S.85.34, above, indicates legislative intent that only those entities denominated as "state agencies" are covered under the State's Risk Management Program, although, in certain instances, specific exceptions to this rule have been provided. Further, the Legislature has chosen to single out certain groups of "local-interest" districts analogous to Rural Water, Sewer, Gas and Solid Waste Management Districts as being expressly able to be covered in the State's program, but has pointedly failed to do so with reference to these districts. See 74 O.S. 85.34A(B) (1987). Where the Legislature has spoken to an area lawfully within its jurisdiction, and fails to similarly provide in an analogous area, such silence by the Legislature is indicative of legislative intent that the two areas are to be treated differently. City of Duncan v. Bingham, 394 P.2d 456 (Okla. 1964). This is buttressed even further by the specific declaration by the Legislature that these districts are to be deemed "political subdivisions" of the State, rather than entities of state government.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that Rural Water, Sewer, Gas, and Solid Waste ManagementDistricts organized and operated under the terms of 82 O.S.1324.1 (1981) et seq., are not entities of state governmenteligible to be covered under the State's Risk Management Programauthorized by 74 O.S. 85.34 (1987) et seq. Such districts,for purposes of coverage under the Governmental Tort Claims Act,51 O.S. 151 (1987) et seq., are statutorily deemed to be"political subdivisions" of the State. There does not presentlyexist any authority to pay tort claims arising from the acts oromissions of these districts on their employees or officers outof any of the various funds established by the Legislature tofund the State's Risk Management Program.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL