Dear Representatives Widener;
¶ 0 This office has received your request for an Attorney General opinion. You asked, in effect, the following questions:[1]
 1. In view of 70 O.S.Supp. 1994, § 10-105[70-10-105], is a married person under eighteen (18) years of age required by State law to attend school?
 2. Is a married person under eighteen (18) years of age who has parental or legal guardian consent to be married and live away from the residence of the parents or legal guardian required by State law to attend school?
 3. Is a person under eighteen (18) years of age who has obtained the legal rights of majority required by State law to attend school?
¶ 1 To answer your questions it is important to examine 70O.S.Supp. 1994, § 10-105[70-10-105] which states in part:
 A. It shall be unlawful for a parent, guardian, or other person having custody of a child who is over the age of five (5) years, and under the age of eighteen (18) years, to neglect or refuse to cause or compel such child to attend and comply with the rules of some public, private or other school. . . .
 B. It shall be unlawful for any child who is over the age of sixteen (16) years and under the age of eighteen (18) years, and who has not finished four (4) years of high school work, to neglect or refuse to attend and comply with the rules of some public, private or other school, or receive an education by other means for the full term the schools of the district are in session.
Provided, that this section shall not apply:
 1. If any such child is prevented from attending school by reason of mental or physical disability, to be determined by the board of education of the district upon a certificate of the school physician or public health physician, or if no such physician is available, a duly licensed and practicing physician;
 2. If any such child is excused from attendance at school, due to an emergency, by the principal teacher of the school in which such child is enrolled, at the request of the parent, guardian, custodian or another person having control of such child;
 3. If any such child who has attained his or her sixteenth birthday is excused from attending school by written, joint agreement between
 a. the school administrator of the school district where the child attends school, and
 b. the parent, guardian or custodian of the child. Provided, further, that no child shall be excused from attending school by such joint agreement between a school administrator and the parent, guardian or custodian of the child unless and until it has been determined that such action is for the best interest of the child and/or the community, and that said child shall thereafter be under the supervision of the parent, guardian or custodian until the child has reached the age of eighteen (18) years; or
 4. If any such child is excused pursuant to subsection C of this section. [Subsection C provides for observance of religious holidays.]
70 O.S.Supp. 1994, § 10-105[70-10-105].
 I.
¶ 2 Question one is whether a married person under eighteen years of age is required to attend school. Title 70 O.S.Supp.1994, § 10-105[70-10-105](B) states that the compulsory attendance law shall not apply in four situations: (1) The child has a mental or physical disability preventing him or her from attending school; (2) The child has an "emergency" in the family; (3) The child has attained his/her sixteenth birthday and the administrator and parent/guardian have signed a written agreement determining that it is in the best interest of the child and/or the community for the child to be excused from school;[2] and (4) The child is observing a religious holiday.
¶ 3 Section 10-105 does not list a specific exception for married individuals under the age of eighteen. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City ofDuncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). The Legislature set out the four exceptions to school attendance and did not include an exception for a married minor. In other State law where the Legislature intended an exception for married minors, it is clearly stated in the statute. For example, 63O.S. 1991, § 2602[63-2602](A), which discusses the right of self-consent for medical conditions, includes an exception for married minors which states in part:
 Notwithstanding any other provision of law, the following minors may consent to have services provided by health professionals in the following cases:
 1. Any minor who is married, has a dependent child or is emancipated[.]
¶ 4 Had the Legislature intended that married individuals under the age of eighteen be excused from attending school, such an intention would have been clearly expressed in 70 O.S. 1991, §10-105[70-10-105]. Therefore, a married person under eighteen years of age is required by State law to attend school unless such individual meets one of the exceptions to attendance specified in 70O.S.Supp. 1994, § 10-105[70-10-105](B).
 II.
¶ 5 Question two regarding the effect of parental consent to marry and live away from the residence of the parents is answered with a similar analysis as used in question one. Whether the parent/guardian gives consent for that child to be married before the child turns eighteen has no bearing on the compulsory school attendance law.
¶ 6 A married person under eighteen years of age must attend school unless the person meets one of the exceptions in Section 10-105. It should be noted, however, that 10 O.S. 1991, § 10[10-10]
states that "The authority of a parent ceases . . . [u]pon the marriage of the child[.] Therefore, since a married minor is no longer under the authority of his or her parents, Section 10-105(A) requiring parents/guardian/custodian to compel a child to attend school does not apply to parents of married children under the age of eighteen. However, Section 10-105(B) applies directly to minors between sixteen and eighteen years of age, who are themselves responsible for their attendance at school unless they have finished four years of high school work.
 III.
¶ 7 Question three is whether a person under the age of eighteen who has obtained the "legal rights of majority" is required by State law to attend school. Legal rights of majority are addressed at 10 O.S. 1991, §§ 91-94[10-91-94]. Section 91 states in part:
 The district courts shall have authority to confer upon minors the rights of majority concerning contracts, and to authorize and empower any person, under the age of eighteen (18) years, to transact business in general, or any business specified, with the same effect as if such act or thing were done by a person over that age; and every act done by a person so authorized shall have the same force and effect in law as if done by persons at the age of majority.
10 O.S. 1991, § 91[10-91] (emphasis added).
¶ 8 Sections 91 et seq. address only the conferring of rights of majority concerning contracting and transacting business. Nothing in Title 10 modifies the requirements of compulsory school attendance law found in Title 70. Therefore, the compulsory school attendance law is not modified by 10 O.S.1991, §§ 91[10-91] et seq.
 ¶ 9 Therefore, because 70 O.S.Supp. 1994, § 10-105[70-10-105]requires that every child who is over the age of five years andunder the age of eighteen years attend some public, private, orother school and because none of the four exceptions tocompulsory attendance set forth in Section 10-105(B) apply toyour question, it is the official Opinion of the Attorney Generalthat:
 1. Because 70 O.S.Supp. 1994, § 10-105[70-10-105] does not include an exception for a married minor under the age of eighteen years, married minors are required to attend school.
 2. Because 70 O.S.Supp. 1994, § 10-105[70-10-105] does not make an exception for a married person under eighteen years of age who has parental or legal guardian consent to be married and live away from the residence of the parents or legal guardian, married persons under eighteen years of age must comply with the compulsory attendance law.
 3. Because 70 O.S.Supp. 1994, § 10-105[70-10-105] does not include an exception for a person under eighteen years of age who has obtained legal rights of majority, a person under eighteen years of age is required to attend school regardless of his/her status as to legal rights of majority.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL
[1] You also asked whether there are any other exceptions to the compulsory attendance law than those discussed in 70O.S.Supp. 1994, § 10-105[70-10-105]. While general research reveals no other exceptions, the apparent absence of other statutory authority is not an area on which an official opinion will be rendered.
[2] Because this exception requires parental or guardian supervision it would not apply to a married minor as 10 O.S.1991, § 10[10-10] provides that once a minor is married the parents no longer have authority over the child.