Dear Representative Staggs
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
 Can an independent school district provide educational services within the boundaries of another school district for the students of the other school district without a cooperative agreement?
¶ 1 Title 70 defines a school district as:
 [A]ny area or territory comprising a legal entity, whose primary purpose is that of providing free school education, whose boundary lines are a matter of public record, and the area of which constitutes a complete tax unit.
70 O.S. 1991, § 1-108[70-1-108].
¶ 2 According to Section 1-108 each school district has boundary lines constituting the entire territory of the district. The governing body of each school district is its board of education. 70 O.S. Supp. 1995, § 5-106[70-5-106]. A school district's scope of authority is addressed in 70 O.S. Supp. 1995, § 5-117[70-5-117],
which sets forth the powers and duties of the board of education. The powers and duties of the board of education include the authority to enter into cooperative agreements with other school districts for certain purposes. Specifically, subsection C states in pertinent part that:
 The boards of education of two or more school districts may enter into cooperative agreements and maintain joint programs including but not limited to, courses of instruction for handicapped children, courses of instruction in music and other subjects . . . and health programs including visual care by persons legally licensed for such purpose, without favoritism as to either profession.
70 O.S. Supp. 1995, § 5-117[70-5-117](C) (emphasis added).
¶ 3 Section 5-117b allows boards of education of any two or more school districts to:
 [E]nter into an interlocal cooperative agreement for the purpose of jointly and comparatively performing any of the services, duties . . . or responsibilities which are authorized or required by law to be performed by school districts of this state.
70 O.S. Supp. 1995, § 5-117b[70-5-117b] (emphasis added).
¶ 4 Sections 5-117 and 5-117b allow boards of education to provide educational services outside their respective districts through cooperative contracts and interlocal agreements. However there is no mention or implication that a district may — without a contract, cooperative agreement or interlocal agreement — enter the boundaries of another school district to provide educational services. As stated in a previous Attorney General Opinion:
 The powers to be exercised by the school district, have been held to be that of a "municipal corporation" and are limited to those granted by express words, those which may be necessarily and fairly implied and those which are essential to the declared purposes of the corporation.
A.G. Opin. 80-236 (citations omitted).
¶ 5 Under the provisions of Title 70 there is no express grant of authority to local boards of education which would allow them to operate educational programs outside the boundaries of their particular school districts without a cooperative or interlocal agreement. A board of education is established to govern a specific district. Legislative references to educational programs provided outside the district are accomplished through interlocal or cooperative agreements. Consequently, there is no Legislative implication that a board of education has authority to operate an educational program in another district without an interlocal or cooperative agreement. In fact, the Legislature specifically authorized districts to enter cooperative or interlocal agreements with other districts to fulfill the educational goals of each district. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964). Had the Legislature intended for school districts to have the authority to go into another district without a cooperative or interlocal agreement and provide educational services for students outside the district's boundaries, such a power would have been expressed in the statutes. By examining applicable sections in Title 70 it is apparent that the Legislature could have granted authority to school districts to provide educational services outside district boundaries without cooperative or interlocal agreements. Instead of granting school districts such power, the Legislature has provided a number of avenues for conducting educational services outside the district, all of which include the stipulation that these services be performed through a cooperative or interlocal agreement or contract with the other district.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 An independent school district cannot provide educational services within the boundaries of another district and for the students of the other school district without a cooperative agreement or an interlocal agreement.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL