Dear Representative Lindley
¶ 0 This office has received your letter asking for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Must those responsible for deciding whether to adopt aproposed agency rule be present when a rulemaking hearing isheld?
2. May an agency summarize statements made by interested partiesregarding a proposed rule prior to their submission to theagency's decision makers?
3. May rulemaking hearings be held in the evening?
4. What constitutes proper notice of a rulemaking hearing?
¶ 1 Your questions arise from the Administrative Procedures Act, (the "Act"). See 75 O.S. 250-75 O.S. 324
(1991-1999). The Act was signed into law in 1964, and essentially adopted the Model State Administrative Procedures Act of 1961 previously adopted by the Uniform Law Commissioners of the United States.[1] That enactment delegated rulemaking authority from the Legislature to state agencies to eliminate the need for establishing all aspects of public policy through legislation.
¶ 2 The Act defines a rule as, "any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency."75 O.S. 250.3(15) (1999).
¶ 3 You first ask whether those responsible for deciding whether to adopt a proposed rule must be present when a rulemaking hearing is held.
¶ 4 The requirement for holding a rulemaking hearing is found in Section 75 O.S. 303(C) of the Act, which mandates a hearing be held if, within twenty days after the published notice of the proposed rule adoption, "a written request for a hearing is submitted by: a. at least twenty-five persons, b. a political subdivision, c. an agency, or d. an association having not less than twenty-five members." This section also provides that, "(a)t that hearing persons may present oral argument, data, and views on the proposed rule." Id. 303(C)(1).
¶ 5 The Act does not require that an agency's decision makers attend a rulemaking hearing. Although the Act has been amended by the Legislature many times since its initial adoption, the Legislature has not required that agency decision makers attend rulemaking hearings. "Legislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964). Consequently, the answer to your first question is no, agency decision makers do not have to be present at rulemaking hearings.
 II.
¶ 6 You next ask whether agency personnel can summarize statements made by interested parties regarding a proposed rule, prior to submitting them to those who will actually decide whether to adopt the rule. Agency consideration of public response to a proposed rule is a fundamental aspect of the Act. In addition to the public hearing requirements set forth in the Act, another method ensures public participation in the rulemaking process. Section 75 O.S. 303 mandates that after publishing a proposed rule, an agency shall permit a comment period. Interested parties may "submit data, views or arguments, orally or in writing. The agency shall consider fully all written and oral submissions respecting the proposed rule." 75 O.S.303(A)(2) (1999). Moreover, within ten days of adopting a rule, an agency must submit to the Governor, the Speaker of the House of Representatives and the President Pro Tempore of the Senate a summary of the comments received regarding the rule. See 75O.S. 303.1(A) (1999).
¶ 7 As long as a summarization fairly represents the comments received, the answer to your second question is yes, an agency may summarize statements received regarding a proposed rule and present the summary to its decision maker(s) in lieu of a verbatim transcript. Whether a particular process constitutes a fair summarization is a factual question that cannot be addressed in this Opinion. 74 O.S. 18b(A)(5) (1999).
 III.
¶ 8 Next, you ask whether rulemaking hearings may be held in the evening. The Act requires that notice of a proposed rulemaking include, "the time when, the place where, and the manner in which persons may demand a hearing on the proposed rule if the notice does not already provide for a hearing. If the notice provides for a hearing, the time and place of the hearing shall be specified in the notice." 75 O.S. 303(B)(9) (1999). The Act has no requirement that rulemaking hearings be held during the day. Agencies are afforded a great deal of leeway in the manner in which they conduct such hearings. Therefore, the answer to your third question is yes, rulemaking hearings may be held in the evening.
 IV.
¶ 9 Finally, you ask what constitutes proper notice of a rulemaking hearing. Section 75 O.S. 303 of the Act requires that prior to the adoption, amendment, or revocation of a rule, an agency shall "cause notice of any intended action to be published in `The Oklahoma Register.'" 75 O.S. 303(A)(1) (1999). The notice must contain:
1. In simple language, a brief summary of the rule;
2. The proposed action being taken;
 3. The circumstances which created the need for the rule;
 4. The specific legal authority authorizing the proposed rule;
5. The intended effect of the rule.
Id. 75 O.S. 303(B). This provision requires that the public be able to ascertain, from the notice provided, the nature of the proposed rule and its potential impact.
¶ 10 As stated previously, the notice must also include "the time when, the place where, and the manner in which persons may demand a hearing on the proposed rule if the notice does not already provide for a hearing. If the notice provides for a hearing, the time and place of the hearing shall be specified in the notice." 75 O.S. 303(B)(9) (1999).
¶ 11 For persons who have made a timely request of an agency for advance notice of its rulemaking proceedings, the agency is required to mail a copy of the proposed rule within three days of its publication in The Oklahoma Register. See 75 O.S.303(B)(10). Also, if an agency determines the proposed rule will affect business entities, it shall request that the affected entities furnish the agency, within the comment period, the anticipated cost of their compliance. See 75 O.S. 303(B)(6) (1999).
¶ 12 Administrative rules adopted in substantial compliance with the Act are presumed valid. See 75 O.S. 303(E) (1999). Whether an agency has complied with the Act regarding a particular rulemaking process is a factual question that cannot be addressed in an Attorney General Opinion. See 74 O.S.18b(A)(5) (1999).
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Title 75 O.S. 303(C) (1999) does not require that thoseresponsible for deciding whether to adopt proposed agency rulesbe present at rulemaking hearings.
2. Title 75 O.S. 303(A)(2) (1999) does not prohibit anagency from summarizing statements made by interested partiesregarding a proposed rule prior to its submission to the agency'sdecision maker(s), provided the summarization fairly representsthe statements made.
3. Pursuant to 75 O.S. 303(B)(9) (1999), rulemaking hearingsmay be held in the evening.
4. Proper notice of a rulemaking hearing, as mandated by 75O.S. 303 (1999), requires that the agency publish a notice inThe Oklahoma Register containing a brief summary of the proposedrule, its proposed effect, and the legal basis for its adoption.If the agency determines the proposed rule will affect businessentities, it shall request that those entities furnish it withthe anticipated cost of compliance. If the notice does notprovide for a public hearing, the manner in which such a hearingmay be requested must be set forth.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA WILLIAM F. O'BRIEN ASSISTANT ATTORNEY GENERAL
[1] Arthur E. Bonfield, State Administrative Rule Making 190 (1986).