The Honorable Kim Holland
Insurance Commissioner
P.O. Box 53408
Oklahoma City, Oklahoma 73152-3408
Dear Commissioner Holland:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Are surplus line insurance policies that are sold to the State of Oklahoma subject to the surplus lines insurance tax imposed by 36 O.S. 2001, § 1115[36-1115]?
 INTRODUCTION
Surplus line is an insurance policy authorized by the Oklahoma Insurance Code:
 If insurance required to protect the interest of the assured cannot be procured from authorized insurers after direct inquiry to such insurers, such insurance, hereinafter designated as "surplus line," may be procured from unauthorized insurers subject to the following conditions:
 1. The unauthorized insurer must have a certificate of approval from the Commissioner, and meet all relevant statutory requirements, including the following:
 a. the insurer is financially stable, and
 b. the insurer is controlled by persons possessing competence, experience and integrity, and
 c. the insurer, if a foreign insurer, posts a special deposit in an amount to be determined by the Commissioner, or
 d. the insurer, if an alien insurer, is listed on the National Association of Insurance Commissioners Non-Admitted Insurers Quarterly Listing.
36 O.S. Supp.2007, § 1106. If surplus line insurance is placed through a surplus lines insurance broker,[1] the broker is required to report the transaction to the Insurance Commissioner. 36 O.S. 2001, § 1107[36-1107](A). The surplus lines insurance broker must also remit to the Insurance Commissioner the surplus lines tax, which is "six percent (6%) of the gross premiums less premiums returned on account of cancellation or reduction of premium." Id. § 1115(A). If a surplus line policy is procured without the assistance of a surplus lines insurance broker, the insured must report the transaction and remit the tax "in the amount of six percent (6%) of the annual premium agreed to be paid, or paid, for such insurance" to the Insurance Commissioner. Id. § 1115(D)(1).
The tax is deposited to the General Revenue Fund of this State.Id. § 1115(D)(2). The Insurance Commissioner is responsible for collecting this tax and remitting the same to the State Treasury.Id. § 1115(D)(1), (2). Article 11 of the Insurance Code provides the statutory guidelines for surplus lines insurance. See 36 O.S. 2001 
Supp.2007, §§ 1101 — 1120. Administrative Rules have been promulgated by the Insurance Commissioner, and are found at Title 365 of the Oklahoma Administrative Code.
 DISCUSSION
"Except where it encounters a specific constitutional prohibition, the Legislature has the right and the responsibility to declare the fiscal policy of Oklahoma." Calvey v. Daxon, 997 P.2d 164, 171 (Okla. 2000). "This Court, may not, based on its perception of how the State should conduct its business dealings, direct legislative decision making."Id. at 172. The object of statutory interpretation is to discern legislative intent. Neer v. State ex rel. Okla. Tax Comm'n,982 P.2d 1071, 1078 (Okla. 1999). Where a statutory provision is "plain and unambiguous, and the meaning clear and unmistakable, no justification exists" to substitute a different meaning. Id.
Oklahoma taxation statutes provide guidance in answering your question of taxing the State of Oklahoma. In some instances a partial exemption from taxation is provided to the State, as with the Cigarette Stamp Tax,[2] Motor Fuel Tax,[3] and Special Fuel Use Tax.[4] In other instances the exemption for the State of Oklahoma is complete, i.e., Sales Tax,[5] Vehicle Excise Tax,[6] Documentary Stamp Tax,[7] and Gross Production Tax.[8] ArticleX, Section 6(A) of the Oklahoma Constitution provides an exemption from taxation for "all property of this state."Id.[9]
In enacting legislation to regulate surplus lines insurance the Oklahoma Legislature provided one exemption: "Policies sold to federally recognized Indian tribes . . . shall be exempt from the surplus line tax to the extent that the Insurance Commissioner can identify that coverage is for risks which are wholly owned by a tribe and located within Indian Country, as defined in Section 1151
of Title 18 of the United States Code." 36 O.S. 2001, § 1115[36-1115](B). If the Legislature had wanted to exempt the tax on surplus line insurance sold to the State of Oklahoma, it could have done so by expanding the entities exempt from the tax. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent."City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). Otherwise, there is a presumption of taxability. See New York Life Ins. Co. v. Bd.of County Comm'rs, 9 P.2d 936, 943-44 (Okla. 1932).
 It is, therefore, the official Opinion of the Attorney General that:
 Surplus line insurance policies that are sold to the State of Oklahoma are subject to the surplus lines insurance tax imposed by 36 O.S. 2001, § 1115[36-1115].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAVID L. KINNEY ASSISTANT ATTORNEY GENERAL
[1]
 19. "Surplus lines insurance broker" means an individual or legal entity who solicits, negotiates, or procures a policy of insurance in an insurance company not licensed to transact business in this state which cannot be procured from insurers licensed to do business in this state. All transactions under such license shall be subject to Article 11 of the Oklahoma Insurance Code[.]
36 O.S. 2001, § 1435.2[36-1435.2].
[2] Cigarette Stamp Tax, 68 O.S. 2001, § 321[68-321] in pertinent part states:
 The following sales are hereby exempted from the stamp excise tax levied pursuant to the provisions of Section 301 et seq. of this title:
 1. All cigarettes sold to veterans hospitals and state operated domiciliary homes for veterans located in the State of Oklahoma, for distribution or sale to disabled ex-servicemen or disabled ex-servicewomen interned in, or inmates of, such hospitals, or residents of such homes[.]
Id.
[3] Motor Fuel Tax, 68 O.S. 2001, § 500.10[68-500.10] in pertinent part states:
 Subject to the procedural requirements and conditions set out in this section and Sections 500.11 through 500.17 of this title, the following are exempt from the tax imposed by Section 500.4 of this title on motor fuel:
 . . . .
 17. Motor fuel sold to the Oklahoma Space Industry Development Authority or any spaceport user as defined in the Oklahoma Space Industry Development Act.
Id.
[4] Special Fuel Use Tax, 68 O.S. 2001, § 708[68-708] in pertinent part states:
 The tax levied by this act shall not apply to:
 10. Motor fuels purchased by the Oklahoma Department of Transportation for use as fuel to propel motor vehicles on the public roads and highways of this state, when the vehicles are being operated for the sole benefit of the Department of Transportation.
Id. (footnote omitted).
[5] Sales Tax Code, 68 O.S. Supp.2007, § 1356 in pertinent part states:
 There are hereby specifically exempted from the tax levied by Section 1350 et seq. of this title:
 1. Sale of tangible personal property or services to the United States government or to the State of Oklahoma, any political subdivision of this state or any agency of a political subdivision of this state[.]
Id.
[6] Vehicle Excise Tax, 68 O.S. Supp.2007, § 2105 in pertinent part states:
 An original or a transfer certificate of title shall be issued without the payment of the excise tax levied by Section 2101 et seq. of this title for:
 3. Any vehicle registered by the State of Oklahoma, by any of the political subdivisions thereof, or by a fire department organized pursuant to Section 592 of Title 18 of the Oklahoma Statutes to be used for the purposes of the fire department, or a vehicle which is the subject of a lease or lease-purchase agreement executed between the person seeking an original or transfer certificate of title for the vehicle and a municipality, county, school district, or fire protection district.
Id.
[7] Documentary Stamp Tax 68, O.S. 2001, § 3202 in pertinent part states:
 The tax imposed by Section 3201 of this title shall not apply to:
 . . . .
 11. Deeds or instruments to which the State of Oklahoma or any of its instrumentalities, agencies or subdivisions is a party, whether as grantee or as grantor or in any other capacity[.]
Id.
[8] Gross Production Tax, 68 O.S. 2001, § 1008[68-1008] in pertinent part states:
 A. Except as set forth in subsection B of this section, in all cases of overpayment, duplicate payment or payment made in error on account of the production being derived from restricted Indian lands and lands owned by the United States, the state, counties, cities, towns and school districts, and therefore exempt from taxation, the Oklahoma Tax Commission is authorized to refund any such over-paid duplicate or erroneously paid gross production taxes, where an application for such refund is made within three (3) years from the date of the payment thereof, out of any undistributed gross production tax collections in the depository account of the Oklahoma Tax Commission, from the same county from which the original tax was derived.
Id.
[9] Under Oklahoma law, property is taxed pursuant to the Ad Valorem Tax Code. See 68 O.S. 2001 Supp.2007, §§ 2801 — 3152.