Attorney General Loving has asked me to respond to your request for an informal Attorney General opinion regarding whether the Oklahoma Wheat Utilization, Research and Market Development Commission ("Commission") may deduct a service fee for processing refunds. Therefore, the discussion which follows is not an official opinion of the Attorney General. Rather, the following analysis and conclusions, while solely my own, have been reached after careful research of the questions you have raised. In your letter you asked, in effect, the following questions: 1. May the Oklahoma Wheat Utilization, Research and Market Development Commission deduct a service fee for processing refund checks? 2. If the Commission may charge a service fee, at what amount can said service fee be set? The statutes governing the Commission are set out in 2 O.S. 1022 (1991) et seq. Section 2 O.S. 1030 discusses the fee per bushel that may be assessed: "There is hereby assessed a fee of three fourths cent (0.0075) per bushel upon all wheat marketed by wheat producers . . . in the State of Oklahoma(.)" Title 2 O.S. 1035 (1991) states in part: "A. Any person, firm or corporation subject to the fee provided in Section 1030 of this title that objects to the collection of the fee may, within one hundred twenty (120) days following such collection, make application to the Director of the Commission for a refund of such fee and upon receipt of said application such refund shall be made within thirty (30) days. Application forms for refund purposes shall be furnished by the Commission and shall be made available at all places where the fee is required to be collection. B. The availability of a refund and instructions describing the process of obtaining a refund shall be posted in a conspicuous public location at all places where the fees are required to be collected." Section 2 O.S. 1035 allows anyone subject to the fee to apply to the Director of the Commission for a refund. Section 1035 further directs the Commission to refund the fee within thirty days. To obtain a refund the statute only requires that the producer object to the fee and apply for a refund. No mention is made of any requirement to pay a processing or servicing fee to the Commission. 2 O.S. 1029 (1991). "Legislative silence, when it has authority to speak, may be considered as giving rise to implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456 (Okla. 1964). The legislature specified the powers the Commission could exercise and the power to set fees for any item of business was not included. There is a presumption that "the Legislature is presumed to have expressed its intent in the statute, intended what it expressed and nothing more(.)" Oliver v. Alcoholic Beverage Control Board, 359 P.2d 183, 189 (Okla. 1961). Charging a processing fee would, in effect, extend the Commission's power beyond those granted in the Oklahoma Wheat Resources Act. Consequently, the Commission cannot deduct a service fee for processing refunds. "It is a generally accepted rule . . . that boards created by statute may only exercise the power granted by statute" and their authority to make rules for their various procedures do not include the "authority to make rules which in effect extend their powers beyond those granted and fixed by the statute." Boydston v. State,277 P.2d 138, 142 (Okla. 1955) Because the legislature did not grant the Commission the power to charge processing fees, question two regarding the amount of a service fee is now irrelevant. It is, therefore, the opinion of the undersigned attorney that the Oklahoma Wheat Commission does not have the statutory authority to charge a service fee for processing refunds pursuant to the Oklahoma Wheat Resources Act, 2 O.S. 1022 (1991) et seg.
(L. Michelle Stephens)