Dear Representative Jett:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does Section 24-100.6 of Title 70 of the Oklahoma Statutes give a student victim and his or her siblings the right to be kept separate from a student offender who has been adjudicated for forcible sodomy, rape in the first degree, rape in the second degree, or rape by instrumentation under the Juvenile Sex Offender Registration Act, Section 7308-1.2 of Title 10, during school-sponsored extracurricular activities that may occur during or after the regular school day and on or off school district property?
 2. If the answer to Question 1 is no, do other statutes require a school district to take action to keep a student victim and a student offender separated during school-sponsored extracurricular activities other than transfer of the student offender to a different school?
Your questions basically ask what rights a student victim may have concerning interaction with a student offender during school hours and at extracurricular activities. While you asked specifically about Section 24-100.6 of Title 70, another statute within Title 70, Section 101.3, also provides some rights and choices for student victims different from Section 24-100.6. Thus, it is important to understand who student victims are under each of these statutes and the rights and choices available to them, both in school and at extracurricular activities, as well as the consequences of these choices under each of these statutes. *Page 2 
 I. SECTION 24-100.6 OF TITLE 70 REQUIRES SEPARATION INTO DIFFERENT SCHOOLS OF A STUDENT VICTIM FROM A STUDENTOFFENDER.
Section 24-100.6 of Title 70, which became effective on July 1, 2007, requires a school district to notify a student victim of his or her right to request to be separated from a student offender by moving the offender to a different school. Specifically, this statute states:
 A. Students who have been victims of certain felony offenses by other students, as well as the siblings of the student victims, have the right to be kept separated from the student offender both at school and during school transportation.
 B. Notwithstanding any provision of law prohibiting the disclosure of the identity of a minor, within thirty (30) days of the time of the adjudication or withholding of adjudication of any juvenile offender for any offense subject to the Juvenile Sex Offender Registration Act, either the juvenile bureau in counties which have juvenile bureaus or the Office of Juvenile Affairs in all other counties shall notify the superintendent of the school district in which the juvenile offender is enrolled or intends to enroll of the adjudication and the offense for which the child was adjudicated. Upon receipt of such notice, the school district shall notify the victim and parent or guardian of the victim of their right to request to be separated from the offender at school and during school transportation. If the victim requests to be separated from the offender, the school district shall take appropriate action to effectuate the provisions of subsection C of this section. The decision of the victim shall be final and not reversible.
 C. Any offender described in subsection B of this section shall, upon the request of the victim, not attend any school attended by the victim or a sibling
of the victim or ride on a school bus on which the victim or a sibling of the victim is riding. The offender shall be permitted by the school district to attend another school within the district in which the offender resides, provided the other school is not attended by the victim or sibling of the victim. If the offender is unable to attend another school in the district in which the offender resides, the offender shall transfer to another school district pursuant to the provisions of the Education Open Transfer Act.[FN2]
 D. The offender or the parents of the offender, if the offender is a juvenile, shall be responsible for arranging and paying for transportation and any other cost associated with or required for the offender to attend another school or that is *Page 3 
required as a consequence of the prohibition against attending a school or riding on a school bus on which the victim or a sibling of the victim is attending or riding. However, the offender or the parents of the offender shall not be charged for existing modes of transportation that can be used by the offender at no additional cost to the school district.
 [FN2] Title 70, § 8-101.1 et seq.
Id. (emphasis added) (footnote omitted).
The intent of this statute, as addressed in subsection A, is to give to a student victim and his or her siblings the right to be "keptseparated from the student offender both at school and during school transportation." Id. (emphasis added). While this subsection provides the purpose of this statute, it is subsections B and C which implement this purpose. Therefore, understanding to whom this statute applies, as well as what is required to be done and by whom, is important.
A. Section 24-100.6 applies both to Student Offenders Who Have BeenAdjudicated or Have Had Adjudication Withheld for an Offense Subject tothe Juvenile Sex Offender Registration Act and to Student Victims andSiblings of Victims.
As noted above, this section of Title 70 applies to juvenile offenders who have been adjudicated or have had adjudication withheld "for any offense subject to the Juvenile Sex Offender Registration Act." Id.
§ 24-100.6(B). These offenses are forcible sodomy, rape in the first degree, rape in the second degree, and rape by instrumentation. See 10 O.S.Supp. 2007, § 7308-1.2[10-7308-1.2].[1]
This right of the victim to be kept separate begins with the "adjudication or withholding of adjudication" of the student offender. 70 O.S.Supp. 2007, § 24-100.6[70-24-100.6](B). Although the Oklahoma Juvenile Code does not use the exact term "withholding of adjudication," the use of the word "adjudication" does have a particular meaning within the Oklahoma Juvenile Code. An "adjudicatory hearing" is defined as "a hearing to determine whether the allegations of a petition filed pursuant to the provisions of Article III of the Oklahoma Juvenile Code are supported by the evidence and whether a juvenile should be adjudged to be a ward of the court[.]" 10 O.S.Supp. 2007, § 7301-1.3[10-7301-1.3](1) (foonote omitted). Section 7303-4.6 of the Oklahoma Juvenile code states: *Page 4 
 A. If the court finds that the allegations of a petition alleging a child to be delinquent or in need of supervision are supported by the evidence, the court shall sustain the petition, and shall make an order of adjudication setting forth whether the child is delinquent or in need of supervision and shall adjudge the child as a ward of the court.
Id. (emphasis added). Thus, a "withholding of adjudication" is a withholding of a determination of whether or not the juvenile is delinquent or in need of supervision.[2]
Consequently, a student victim under this statute is the victim of an offense included in the Juvenile Sex Offender Registration Act by another student who has been adjudicated or has had adjudication withheld under the Oklahoma Juvenile Code. The county juvenile bureau or the Office of Juvenile Affairs must notify the school district of this "adjudication" or "withholding of adjudication." 70 O.S. Supp. 2007, § 24-100.6[70-24-100.6](B). At that point, the school is then required to notify the student victim of his or her right to request the offender be transferred to a different school. Id.
B. Section 24-100.6 does Not Require Separation of the Student OffenderFrom the Student Victim at Extracurricular Activities.
Your question implies that this separation of the offender from the victim could include being separated within the same school, thus allowing both the victim and offender to participate in the same extracurricular activities at the same school. Section 24-100.6 does not address separation at extracurricular activities, and is silent as to any requirement to separate the victim from the offender by any manner other than sending the offender to a different school.[3] "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham,394 P.2d 456, 460 (Okla. 1964). Consequently, this silence by the Legislature concerning extracurricular activities indicates legislative intent to address in this statute only the separation of the student victim and the student offender through attendance of the student offender *Page 5 
at a different school from the student victim and his or her siblings.[4]
This statute does not address separation of the student offender from the student victim in any other manner. *Page 6 
 II. A SEPARATE STATUTE, SECTION 24-101.3(F) OF TITLE 70,REQUIRES A SCHOOL TO ENSURE THAT A STUDENT OFFENDER IS NOT ALLOWED IN THE "GENERAL VICINITY" OF THE STUDENT VICTIM.
Section 24-100.6, discussed above, only requires a school district to separate a student victim and his or her siblings from the student offender by sending the offender to a different school. However, an earlier-enacted statute within the Oklahoma School Code also provides authority for separation. See 70 O.S.Supp. 2007, § 24-101.3[70-24-101.3](F). Although the pertinent provisions of Section 24-101.3 were enacted prior to Section 24-100.6, the later statute did not repeal the earlier statute. "It will not be presumed that the legislature, in the enactment of a subsequent statute, intended to repeal an earlier one, unless it has done so in express terms." Mustain v. Grand River DamAuth., 68 P.3d 991, 999 (Okla. 2003). Also, a specific enactment will control over a general statute in case of a conflict. Brown v. CreekCounty ex rel. Creek County Bd., 164 P.3d 1073, 1076 (Okla. 2007). However, while the provisions of these statutes may overlap, they do not conflict with each other.
Title 70, Section 24-101.3 states in pertinent part:
 F. No public school of this state shall be required to provide education services in the regular school setting to any student who has been adjudicated as a delinquent for an offense defined in Section 571 of Title 57 of the Oklahoma Statutes as an exception to a nonviolent offense or convicted as an adult of an offense defined in Section 571 of Title 57 of the Oklahoma Statutes as an exception to a nonviolent offense or who has been removed from a public or private school in the State of Oklahoma or another state by administrative or judicial process for a violent act or an act showing deliberate or reckless disregard for the health or safety of faculty or other students until the school in which the student is subsequently enrolled determines that the student no longer poses a threat to self, other students or faculty. Until the school in which such student subsequently enrolls or re-enrolls determines that the student no longer poses a threat to self, other students or faculty, the school may provide education services through an alternative school setting, home-based instruction, or other appropriate setting. If the school provides education services to such student at a district school facility, the school shall notify any student or faculty victims of such student, when known, and shall ensure that the student will not be allowed in the general vicinity of or contact with a victim of the student, provided such victim notifies the school of the victim's desire to refrain from contact with the offending student. *Page 7 
Id. (emphasis added). The offenses referred to in this statute include those within the Juvenile Sex Offender Registration Act, as well as a lengthy list of other offenses not included within that Act.[5]See 2008 Okla. Sess. Laws ch. 3, § 29 (amending 57 O.S.Supp. 2007, § 571[57-571]).
The last sentence of Section 24-101.3(F), which was added in 2006, gives victims the right to be protected from contact by offenders during education services provided in a district facility, if requested by the victim. See 2006 Okla. Sess. Laws ch. 210, § 2. In subsection F, however, both a student offender and a victim have a somewhat different meaning than under Section 24-100.6 of Title 70. In Section 24-101.3(F), an offender can be charged as either a juvenile or an adult with any of the offenses listed as exceptions to a "nonviolent offense" within Section 571 of Title 57, and the rights of the victim commence only after the offender has been "adjudicated as a delinquent" or "convicted as an adult." Id. This differs from Section 24-100.6, where the student victim must be notified after either an "adjudication" or a "withholding of adjudication" occurs and only if this occurs within the juvenile system.Id. § 24-100.6(B). In addition, in this earlier statute, "victim" includes both students and faculty, but not siblings. Id. § 24-101.3(F). While Section 24-101.3 also makes the school responsible for notifying victims of the offender's attendance at any "district school facility," it does not require the school to inform the victim of his or her rights under this statute. Id.
Similar to the requirements of Section 24-100.6, Section 24-101.3 also does not specifically address attendance at extracurricular activities, nor does it provide a definition of "education services." However, Section 1-107 of Title 70, a part of Article I of the Oklahoma School Code of 1971, includes definitions used throughout the School Code. This statute provides a definition of "educational services" and states:
 Either in conjunction with public schools or otherwise under the control and supervision of school agencies and officials provided by law for the control and supervision of public schools, other educational services may include health activities, school lunch programs, audiovisual education, safety education, vocational rehabilitation, education of exceptional and handicapped children, playground and physical education activities and such other special services, functions, and activities as may be authorized by law or by regulation of the State Board of Education. *Page 8 
Id. (emphasis added). The highlighted words indicate the Legislature intended a broad interpretation of "educational services," to include any activities conducted under the control and supervision of a school. This is further supported by Section 1-103 of Title 70, which states, "If any section or part of the Oklahoma School Code is found to be ambiguous or otherwise subject to more than one interpretation, such section shall be liberally construed to the extent that the general purpose of the entire Code and of public education may be advanced."Id. (emphasis added).
Although Section 24-101.3 of Title 70 uses the phrase "education services" and Section 1-107 uses "educational services" both have the same meaning. As used in Section 24-101.3 of Title 70, "education" is an adjective. "Educational" is the adjective form for the noun "education."See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 723 (3d ed. 1993). Thus, the term "education services" as used in 70 O.S.Supp. 2007, § 24-101.3[70-24-101.3](F), has the same meaning as "educational services" as defined within Article I of the School Code, and includes "extracurricular activities" as well as any other school-sponsored activities.[6] "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 2001, § 2[25-2]; see also Dolese Bros. Co. v. Privett,622 P.2d 1080, 1084 (Okla. 1981) (quoting 25 O.S. 1971, § 2[25-2]).
Therefore, at the victim's request under Section 24-101.3(F), a school district is required to ensure that the offender is not allowed within the general vicinity of or to have contact with the victim, which would include extracurricular activities, as long as the extracurricular activity occurs at a district facility. Id. How the school district would ensure this type of separation would be a question of fact that is outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 III. SECTION 24-131 OF TITLE 70 GIVES A SCHOOL SUPERINTENDENT OR PRINCIPAL THE AUTHORITY TO ORDER ANY PERSON, INCLUDING A STUDENT OFFENDER, OFF SCHOOL PROPERTY IF A THREAT IS APPARENT, WHETHER OR NOT A STUDENT VICTIM AND STUDENT OFFENDER ARE SEPARATED UNDER ANY OTHER STATUTE. *Page 9 
Another choice exists for school districts in separating student victims from student offenders at extracurricular activities. Section 24-131 of Title 70 provides:
 The superintendent or principal of any secondary, middle or elementary school shall have the authority to order any person out of the school buildings and off the school property when it appears that the presence of such person is a threat to the peaceful conduct of school business and school classes. Any person who refuses to leave the school buildings or grounds after being ordered to do so by the superintendent or principal, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than ninety (90) days, or by both such fine and imprisonment.
Id. (emphasis added). While both Section 24-100.6, which requires that the student victim and his or her siblings and the student offender be separated into different schools, and Section 24-101.3(F), which requires the student offender to be kept from the general vicinity of the student victim, require some action on the part of the student victim, Section 24-131 gives authority to the school superintendent or principal to act at extracurricular activities if "a threat" is apparent, whether or not the student victim takes any action. The use of the phrase "school business" in addition to "school classes" indicates more than a disruption during just the regular school day, and could include extracurricular activities. What would constitute a threat is a question of fact and outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 IV. CONCLUSION
Both Sections 24-100.6 and 24-101.3(F) provide for separation of student victims from student offenders. However, these two statutes provide different types of "separation" under possibly different conditions. While both statutes require that the victim request separation, the earlier-enacted statute, Section 24-101.3, does not require that the offender be sent to a different school at the request of the victim, as does Section 24-100.6. See 70 O.S.Supp. 2007, §§ 24-101.3[70-24-101.3](F), 24-100.6(C). In addition, Section 24-101.3 applies to more offenses than merely those within the Juvenile Sex Offender Registration Act. See 2008 Okla. Sess. Laws ch. 3, § 29, emerg. eff. Feb. 28, 2008 (amending 57 O.S.Supp. 2007, § 571[57-571]). Furthermore, Section 24-101.3 only applies to offenders who have been "adjudicated" within the juvenile system as opposed to a "withholding of adjudication," and also includes convictions within the adult system. Id.
§§ 24-101.3(F), 24-100.6(B). Finally, Section 24-101.3 only concerns separation of the victim, which includes faculty as well as students, from the offender but does not include any siblings of the victim. Id.
§§ 24-101.3(F); 24-100.6(C). *Page 10 
These two statutes overlap in their application, which would allow a student victim to request either or both types of separation provided within each statute. Thus, student victims may request that student offenders not be allowed in their general vicinity or have contact with them under Section 24-101.3, rather than separation to different schools, as allowed under Section 24-100.6. In addition, this overlap would allow student victims to request separation under Section 24-100.6, and also request that the offender not be allowed in their general vicinity, including extracurricular activities at school district facilities, under Section 24-101.3.
Under both of these statutes, a school must notify student victims of the status of the student offender, but would only have to advise the victim of his or her right to separation under Section 24-100.6. 70 O.S.Supp. 2007, §§ 24-100.6[70-24-100.6], 24-101.3. Also, if a student victim and a student offender do meet at a school activity, a school superintendent or principal has the authority to take action if a threat to the "peaceful conduct of school business" is apparent, without any action required by the student victim. 70 O.S. 2001, § 24-131[70-24-131].
It is, therefore, the official Opinion of the Attorney Generalthat:
 1) Section 24-100.6 of Title 70 dictates that, at the request of a student victim, a student offender who has been "adjudicated" or had "adjudication withheld" under the Oklahoma Juvenile Code for forcible sodomy, rape in the first degree, rape in the second degree, or rape by instrumentation under the Juvenile Sex offender Registration Act, must be sent to a different school within the school district from the student victim or his or her siblings. Id. § 24-100.6(A)-(C). If this cannot be accomplished, the student offender must transfer to a different school district. Id. § 24-100.6(C).
 2) Section 24-100.6 of Title 70 does not prevent a student offender who has been transferred to a different school or school district at the request of the student victim from participating in extracurricular activities in which both schools are involved, or from attending an extracurricular event where the student victim is also in attendance. See id.
 3. Section 24-101.3(F) of Title 70 requires a school district that provides "education services" at a district school facility to ensure that an offender adjudicated as a juvenile or convicted as an adult of one of the enumerated list of crimes, "not be allowed in the general vicinity of or contact with a victim" of the offender if requested by the victim. Id. What the school must do to ensure compliance with this statute is a question of fact and outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5). The phrase "educational services" as defined in Section 1-107 of Title 70 has the same meaning as "education services" used in Section 24-101.3, and would *Page 11 include extracurricular activities occurring within the school district. See 70 O.S. 2001 Supp. 2007, §§ 1-107, 24-101.3.
 4. Both Sections 24-100.6 and 24-101.3(F) of Title 70 provide protection for student victims. However, Section 24-100.6 of Title 70 only provides for separation into different schools, includes only offenses under the Juvenile Sex Offender Registration Act, and applies only to student offenders who have been "adjudicated" or had "adjudication withheld" under the Oklahoma Juvenile Code. Id. The protections under Section 24-101.3(F) of Title 70 apply to a lengthier list of offenses, do not begin until adjudication within the juvenile system or conviction of the student offender as an adult, and apply to both students and faculty, but not to the siblings of the student victim. Id. Victims may avail themselves of any of the protections available to them under the provisions of either or both Sections 24-100.6 and 24-101.3 of Title 70.
 5. Even though both Sections 24-101.3 and 24-100.6 of Title 70 require action by the student victim to bring about a "separation" from the student offender, other actions may be available to the school district which do not require action by the student victim. Section 24-131 of Title 70 gives a principal or superintendent the authority to order a person off school property if it appears his or her presence "is a threat to the peaceful conduct of school business and school classes." 70 O.S. 2001, § 24-131[70-24-131]. What specific action constitutes appearance of such a threat would depend on the facts of a particular situation, which is outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
PATRICIA A. PODOLEC ASSISTANT ATTORNEY GENERAL
[1] The specific offenses referred to in the Juvenile Sex Offender Registration Act are found in 21 O.S. 2001 Supp. 2007, §§ 888, 1111, 1111.1, 1114, 1115. See 10 O.S.Supp. 2007, § 7308-1.2[10-7308-1.2](1).
[2] Oklahoma juvenile statutes reference the ability to defer adjudication. Delinquency adjudication proceedings may be deferred for up to 180 days by the court under certain circumstances. 10 O.S.Supp. 2007, § 7303-4.6[10-7303-4.6](B)-(C), (G)-(H). A separate proceeding is held for disposition after adjudication is made. See 10 O.S.Supp. 2007, § 7301-1.3[10-7301-1.3](12) ("`Dispositional hearing' means a hearing to determine the order of disposition which should be made with respect to a juvenile adjudged to be a ward of the court[.]"). See also Edward L. Thompson, Juvenile Delinquency: A Judge's View of Our Past, Present, andFuture, 46 OKLA. L.REV. 655, 658 nn. 25-27 (1993) ("The hearing is not considered a trial, but an `adjudicatory hearing.' Juveniles are thus `adjudicated' rather than convicted of crimes. Courts are thus unable to impose judgement [sic] and sentence, but only `disposition.'").
[3] This subsection also requires that at the request of the victim, the student offender not be allowed to ride on the same school bus as "the victim or a sibling of the victim." 70 O.S.Supp. 2007, § 24-100.6[70-24-100.6](C). Your question specifically asks about extracurricular activities. Thus, the scope of this Opinion is limited to the application of this statute to these types of activities.
[4] Florida also has enacted statutes that address separation of student victims from student offenders using language that is virtually identical in parts to 70 O.S.Supp. 2007, § 24-100.6[70-24-100.6]. See
FLA. STAT. ANN. § 1002.20(5) (West 2007). Notably, however, Florida's statutes, unlike Oklahoma's, allow for separation "while on school grounds." Id. § 1006.13(5)(c).
[5] Section 571 of Title 57 includes the offenses of forcible sodomy, rape in the first degree, rape in the second degree, and rape by instrumentation. Id. § 571(2)(y) — (bb) (amended by 2008 Okla. Sess. Laws ch. 3, § 29, emerg. eff. Feb. 28, 2008, which merged two versions enacted during the 2007 Legislative Session).
[6] Subsection A of Section 24-101.3 also provides an indication of legislative intent to include extracurricular activities within the meaning of "education services." Under subsection A, the school district must "adopt a policy with procedures which provides for out-of-school suspension of students. . . . The policy shall address education for students . . . and whether participation in extracurricular activities shall be permitted." Id. This subsection concerns students who are suspended for lesser offenses than those covered in subsection F.Id. Thus, this reference to "extracurricular activities" for lesser offenses implies that it would also apply to the violent offenses contained within subsection F. *Page 1